UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>   Plaintiff,<br><br>   v.<br><br>G. MARQUEZ, et al.,<br><br>   Defendants. | No. 2:24-cv-1194 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. §1983 along with a motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

1

> granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Court records show that plaintiff has filed numerous cases in this court. At least four cases qualify as strikes:

1. Harper v. Sacramento County Sheriff, No. 2:07-cv-0748 ALA (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim; case dismissed on November 14, 2007, for failure to file an amended complaint);

2. Harper v. Wilcox, No. 2:07-cv-1158 LKK KJM (E.D. Cal.) (application to proceed in forma pauperis denied and case dismissed on January 28, 2008, for failure to state a claim);

3. Harper v. Costa, No. 2:07-cv-2149 LKK DAD (E.D. Cal.) (case dismissed on August 31, 2009 for failure to state a claim); and

4. Harper v. Morgan, No. 2:08-cv-2526 GGH (E.D. Cal.) (case dismissed on June 16, 2009, for failure to state a claim).

All of the preceding cases were dismissed well in advance of the April 25, 2024 filing of the instant action, and none of the decisions have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless, at the time he filed the complaint, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In the present case, plaintiff alleges he was falsely charged with rules violations and that defendants used excessive force when plaintiff was incarcerated at California State Prison, Sacramento, in February 2023. When he filed the complaint, plaintiff was incarcerated at California State Prison, Corcoran. There are no allegations that would demonstrate an imminent risk of serious physical injury at the time plaintiff filed the complaint. Accordingly, plaintiff is not entitled to application of the imminent danger exception to the three strikes rule and must pay the filing fee if he wishes to proceed with this action.

Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $405 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after

being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/harp1194.3 strikes fr